DECISION
Plaintiffs appeal Defendant's decision to remove 2.5 acres of their land from forest land special assessment for the 2009-10 tax year.
The court held a case management conference November 12, 2009, to discuss Plaintiffs' appeal. William Sarra participated for Plaintiffs. Appearing for Defendant were Robert Graper, Scott Maytubby, and Chris Lanegan. Subsequently, written materials were filed by the parties; the record closed March 1, 2010.
 I. STATEMENT OF FACTS
The essential facts are not in dispute. In 1986, the subject property was part of a larger 12.07 lot (Account 25699) that received special assessment as forestland. On December 5, 2007, the subject 2.5 acre parcel was created and identified as Account 540448 (R3209 01101); it is the subject of this appeal. Both accounts continued with the special assessment.
Plaintiffs purchased the property on May 21, 2008. A building permit was issued for a new residence on September 15, 2008. Defendant's office received notice of that action. An inspection of the property was made. On July 2, 2009 Defendant disqualified the 2.5 acres from the special assessment. (Def s Statement of Undisputed Facts at 2.) An additional tax liability of $3,112.93 was imposed. (Ptfs' Compl at 4.) *Page 2 
Plaintiffs do not contest the merits of the disqualification, but claim they should not be responsible for the additional tax or that it should be recalculated based on lower land values. In essence, they believe:
 "* * *the parcel should have been previously disqualified and that the current plaintiff can not be held liable for the failure of the Yamhill County Assesssor's Office to do so. Thus, the plaintiffs tax liability should be zero." (Ptfs' Compl at 3).
 II. ANALYSIS
Qualifying forestland in western Oregon receives special assessment. ORS 321.257 through ORS 321.390.[1]
ORS 321.257(2) defines "forestland" as "land in western Oregon that is being held or used for the predominant purpose of growing and harvesting trees of a marketable species and has been designated as forestland * * *." Plaintiffs' property (2.5 acres) had earlier been specially designated as forestland. Plaintiffs acknowledge that they do not intend to grow and harvest timber of a marketable species on the disputed property. Accordingly, the land does not qualify for forestland special assessment due to its use as a homesite and its small size.
Defendant removed the special assessment pursuant to ORS 321.359(1) upon discovery that it was no longer forestland, based on the inspection performed. Defendant imposed a rollback tax as part of the special assessment removal process, in accordance with *Page 3 
ORS 308A.703(3)(d).[2] It is that prior year rollback tax to which Plaintiffs object. The calculations and base values used were correct under the facts presented.
Plaintiffs believe that the previous owner of the land should have to pay the tax because he is the one who benefited from the special assessment program and failed to adequately disclose the program's requirements.
The statute imposing the additional taxes requires that taxes be imposed on the land itself, which is consistent with general property law (encumbrances on real property run with the land). Plaintiffs do not specifically assert that they were not on notice of the potential additional tax. However, ORS 321.362 provides that "[t]he tax roll shall show the notation `Forest Land-Potential Additional Tax Liability' for each parcel of land designated as forestland." The tax roll for the subject property had such a notation.
The fact that the prior owner did not notify Defendant that the larger parcel may not have been adequately stocked is not material here. Nor is the fact that Defendant did not earlier remove the special assessment. Under the facts presented, it appears the subject property was entitled to the special assessment until the building permit was granted at Plaintiffs' specific *Page 4 
request. Upon disqualification, the current owner — Plaintiffs — are responsible for the additional taxes as calculated.
 III. CONCLUSION
The court concludes that Plaintiffs' 2.5 acres of land do not qualify for forestland special assessment. Defendant, therefore, did not err in removing the special assessment. Further, removal of the property from the special assessment program required the assessor to impose the additional rollback tax and Defendant acted appropriately in doing so. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal of Defendant's forestland special assessment disqualification and imposition of additional taxes is denied.
Dated this _____ day of June 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This Decision was signed by Magistrate Jeffrey S. Mattsonon June 28, 2010. The court filed and entered this Decisionon June 28, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] Subsection (1) of ORS 308A.703 governs the imposition of a retroactive tax for land disqualified from various special assessment programs, including Western Oregon designated forestland. The statute goes on to provide, in relevant part, that:
 "(2)* * * [a]n additional tax shall be added to the tax extended against the land on the next assessment and tax roll * * *. The additional tax shall be equal to the difference between the taxes assessed against the land and the taxes that would otherwise have been assessed against the land, for each of the number of years determined under subsection (3) of this section.
 "(3) The number of years for which additional taxes shall be calculated shall equal the lesser of the number of consecutive years the land had qualified for the special assessment program for which disqualification has occurred or:
 "* * * * *
 "(d) Five years, in the case of:
 "* * * * *
 "(B) Western Oregon designated forestland[.]"